UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| DAVID OPPENHEIMER, | § | |
| --- | --- | --- |
| Plaintiff | § | CA No. _____ |
| | § | |
| v. | § | |
| | § | |
| ZENO BASCUM LANCASTER, IV, *and* | § | |
| LANCASTER LAW FIRM, PLLC | § | |
| | § | |
| Defendants | § | **JURY DEMANDED** |

### PLAINTIFF'S ORIGINAL COMPLAINT

1. Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendants, Zeno Bascum Lancaster, IV ("Zeno"), and Lancaster Law Firm, PLLC ("Lancaster Law"), (collectively "Defendants"), alleges:

### JURISDICTION/VENUE

1. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.), and 17 U.S.C. § 1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA").

2. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

## THE PARTIES

3. Plaintiff is a citizen of North Carolina engaged in the business of professional photography who resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

4. Zeno is an attorney licensed in the State of North Carolina, and will receive actual notice of this filing by service upon him at his residence, 45 BROADWAY STREET, # 201, ASHEVILLE, NC 28801-2919.

5. Lancaster Law is a Professional Limited Liability Corporation, and it will receive actual notice of this suit by service upon its Registered Agent, Zeno B. Lancaster, IV at its registered address for process, 56 Central Ave., Suite 203, Asheville, NC 28801.

## INTRODUCTORY FACTS

6. Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in certain photographs known as *"Bob Dylan and His Band and Travels"* (**Exhibit 1**). Oppenheimer owns certain rights in and to said Copyright Registration, Number VAu 1-140-655, which was issued on May 7, 2013 by the U. S. Registrar of Copyrights in Washington, D.C. for photographs deposited with and covered by said registration**.** One photograph -- depicting an aerial view of downtown Asheville with the Blue Ridge Mountains behind it -- was deposited with this application for registration (**Exhibit 2**).

7. Oppenheimer has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights, and has secured the exclusive rights and privileges in and to the copyright to the said photograph.

8. Oppenheimer's copyrights in the above-described work is presently valid and subsisting, and was valid and subsisting from the moment of its creation in the year 2013, and all conditions precedent to the filing of this suit have occurred.

## **CONTEXTUAL & INFRINGEMENT FACTS**

9. In July, 2016, Oppenheimer discovered that this image had been placed onto Lancaster Law's website at http://www.lancasterlawfirm.com/, and also on Lancaster Law's FaceBook page. (**Exhibits 3 & 4**).

10. When Oppenheimer checked his records, he found that he had never licensed this copyright-protected image to either of the Defendants. In the hopes of investigating this matter further, on July 11, 2016, Oppenheimer personally sent Defendants an informal email requesting information on how Defendants obtained the image in question. (**Exhibit 5**). After initially ignoring Oppenheimer, on July 13, 2016 defendant Zeno finally replied to a second follow-up communication, stating that he believed that Defendants obtained the photograph through a Google image search, and then requesting that Oppenheimer provide proof of ownership of the image. (**Id.**). On July 14, 2016, Oppenheimer sent the Defendants a letter wherein he included the Certificate of Registration from the United States Copyright Office for the subject image, and requested that Defendants immediately "cease and desist" any use of the photograph as well as provide full details on all Defendants' uses of the photograph. **(Exhibit 6).** At that time, Oppenheimer also made an offer to settle the entire matter for $22,500, without the need for litigation. (**Id**.). After Defendants ignored Oppenheimer's letter, Oppenheimer hired legal counsel to assist in further prosecuting this matter.

11. On August 19, 2016, the undersigned counsel for Oppenheimer sent Defendants another letter demanding that they cease and desist from further dissemination of the image in question, lockdown all electronically-stored information ("ESI"), produce every iteration of

infringing use of the image (including both physical and digital copies), buy back or otherwise withdraw all distributed copies, return all infringing copies within Defendants' possession, tender an audited accounting all revenue received by Defendants regarding the image, and inform Defendants' Commercial General Liability insurance carrier of Oppenheimer's claim. (**Exhibit 7**). Despite Zeno's prior communications with Oppenheimer – including his admission that he obtained the photograph through a Google image search – Zeno stated: "Don't know anything about this. We don't use that image and *never have*." (**Exhibit 8**)(emphasis added). Because Defendants refuse to cooperate or take this legitimate investigation seriously, Oppenheimer has been forced to file the instant suit.

12. On information and belief, the posting of infringing copies of Oppenheimer's copyright-protected image on Defendants' website and Facebook page was for the purpose of advertising, marketing, and/or promotion, and thus one or more of the Defendants must have had a financial interest in the infringing activities, and/or realized profit attributable from or through the infringing activities.

## VICARIOUS LIABILITY

13. Oppenheimer realleges and incorporates paragraphs 1 – 12 hereinabove as if recited *verbatim*.

14. Inasmuch as Zeno is the current registered agent, principal and/or manager of Lancaster Law, or otherwise had the right to control it, he had knowledge of the infringing activities, and/or had a financial interest in the infringing activities.

15. On information and belief, Zeno provides hands-on decision-making in the activities of Lancaster Law, and has an obvious and direct financial interest in the infringing activity.

16. In addition, the conduct of Lancaster Law as described above was performed and accomplished through the direction, control and conduct of Zeno personally, as owner, officer, director or manager of Lancaster Law. Zeno had the right and ability to prevent Lancaster Law from infringing Oppenheimer's image and/or to stop the infringements once they began. Additionally, on information and belief, Zeno received pecuniary benefit from Lancaster Law's acts of infringement.

17. Accordingly, Zeno is personally liable to Oppenheimer as a joint and/or contributory infringer, or is otherwise vicariously liable for the actions of Lancaster Law.

## CAUSES OF ACTION

18. Plaintiff re-alleges and incorporates, as if set forth herein, paragraphs 1 through 17 above.

19. Defendants have infringed Plaintiff's copyrights in and to the above-described image by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photographs within the United States in violation of the copy rights of Title 17.

20. Additionally, Defendants violated the DMCA by removing Oppenheimer's copyright management information ("CMI").

21. In creating the infringements identified above, upon information and belief Defendants intentionally removed and/or omitted Plaintiff's CMI from copies of Plaintiff's works, and/or distributed one or more copies knowing that the CMI had been removed and/or omitted.

22. Upon information and belief Defendants distributed copies or derivatives of such works knowing that such CMI had been removed or omitted without authorization.

23. At the time Plaintiff's copyright management information was removed from copies of his work, and at the time they distributed copies of the works from which the copyright management information had been removed or omitted, Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal the infringement of Oppenheimer's copyrights.

24. Oppenheimer is entitled and seeks to recover statutory damages from Defendants not exceeding $25,000 for *each act* committed in violation of his rights under 17 U.S.C. § 1202.

25. Pursuant to 17 U.S.C. § 1203(b)(5), Oppenheimer is entitled and seeks to recover his reasonable attorney's fees.

## CAUSATION/DAMAGES

26. As a direct and proximate result of Defendants' above-described acts of copyright infringement and DMCA violations, Oppenheimer has sustained actual damages in an amount not yet ascertained, but which is believed to be many thousands of dollars. Such actual damages include, but are not limited to, research time tracking down and documenting the infringements, lost profits and/or lost licensing revenue, disgorgement of defendants' profits attributable to their infringements, statutory damages, and attorney time spent researching and corresponding with Defendants, drafting and filing this suit, and litigation of same all the way through to jury verdict, and including appeals. In addition to damages for copyright infringement, Plaintiff seeks recovery of DMCA penalties as set out in paragraphs 19 - 24 above.

## RELIEF REQUESTED

27. Oppenheimer demands an accounting by Defendants of their activities in connection with their infringements of his copyrights in and to the above-described and attached works, as well as their gross profits and income derived therefrom.

28. Oppenheimer is entitled and seeks to recover actual damages plus the profits of Defendants attributable to the infringements, as well as DMCA penalties not exceeding $25,000 for each act committed of his rights under 17 U.S.C. § 1202.

29. Alternatively, because the image was registered prior to Defendants' infringements, Oppenheimer is entitled to and seeks to recover statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars) per work infringed, plus reasonable and necessary attorney's fees.

**Oppenheimer DEMANDS JUDGMENT AS FOLLOWS:**

30. Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Oppenheimer's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images;

31. That Defendants be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe Oppenheimer's copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Defendants;

32. That Defendants be required, jointly and severally, to pay over to Oppenheimer his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken into account in computing Oppenheimer's actual damages incurred as a result of Defendants' copyright infringements described herein;

33. That Defendants provide an accounting of all gains, profits and advantages derived by them as a result of the willful and unlawful acts of copyright infringement above-described;

34. That Defendants jointly and severally be ordered to pay to Oppenheimer his costs and attorney's fees; and

35. That Oppenheimer have such other and further relief as this court shall deem just and proper.

**DEMAND FOR JURY TRIAL:**

**Plaintiff, David Oppenheimer, demands a jury trial in this cause of action.**

Respectfully submitted,

By: */s/ Dana A. LeJune*
Dana A. LeJune
TBN: 12188250
6525 Washington Avenue
Suite 300
Houston, Texas 77007
713.942.9898 Phone
713.942.9899 Facsimile
dlejune@triallawyers.net