IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
1:16-cv-00284

| | |
|---|---|
| DAVID OPPENHEIMER,<br><br>  Plaintiff,<br><br>v.<br><br>ZENO BASCUM LANCASTER, IV AND LANCASTER LAW FIRM, PLLC,<br><br>  Defendants. | ANSWER |

  Defendants Zeno Bascum Lancaster, IV and Lancaster Law Firm, PLLC (collectively herein "Defendants") respond to Plaintiff's Complaint as follows:

  1. The first numbered Paragraph 1 in Plaintiff's Complaint requires no response. To the extent a response is required, the first numbered Paragraph 1 is denied.

  1. Defendants admit the allegations in Plaintiff's Complaint speak for themselves. To the extent a further response is required, or to the extent Paragraph 1 is intended to allege Defendants are liable for any of the claims or damages alleged, Paragraph 1 is denied.

  2. Paragraph 2 calls for legal conclusions and, therefore, requires no response. To the extent a response is required, Defendants admit they are not challenging venue or this Court's personal or subject matter jurisdiction. To the extent a further response is required, Paragraph 2 is denied.

  3. Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 3 and, therefore, deny the same.

  4. Defendant Zeno Bascum Lancaster, IV admits he is an attorney licensed in North Carolina, and that he resides at the address identified in Paragraph 4. To the extent a further

response is required, Paragraph 4 is denied.

5. Defendant Lancaster Law Firm, PLLC admits it is a Professional Limited Liability Corporation and that its Registered Agent and registered address for process are those listed in Paragraph 5. To the extent a further response is required, Paragraph 5 is denied.

6. Defendants admit Exhibit 1 to Plaintiff's Complaint purports to be a United States Copyright Registration, Number VAu 1-140-655, issued on May 7, 2013, and that the contents of that document speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations in Paragraph 6 and, therefore, deny the same.

7. Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 7 and, therefore, deny the same.

8. Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 8 and, therefore, deny the same.

9. It is admitted that Exhibits 3 and 4 to Plaintiff's Complaint appear to depict prior versions of Defendant Lancaster Law Firm, PLLC's website and Facebook page, respectively. Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations in Paragraph 9 and, therefore, deny the same.

10. It is admitted that Exhibits 5 and 6 to Plaintiff's Complaint include written communications between Plaintiff and Defendant Zeno Bascum Lancaster, IV and/or Defendant Lancaster Law Firm, PLLC. To the extent a further response is required, or to the extent the allegations in Paragraph 10 mischaracterize or are inconsistent with those communications, Paragraph 10 is denied.

11. It is admitted that Exhibits 7 and 8 to Plaintiff's Complaint include written

communications between Plaintiff's counsel and Defendant Zeno Bascum Lancaster, IV and/or Defendant Lancaster Law Firm, PLLC. To the extent the allegations in Paragraph 11 regarding those communications mischaracterize or are inconsistent with the communications exchanged, all such allegations are denied. The remaining allegations in Paragraph 11 are expressly denied.

12. It is admitted that Defendant Lancaster Law Firm, PLLC has used its website and Facebook page to advertise, promote, or market its business. The remaining allegations in Paragraph 12 are denied.

13. In response to Paragraph 13, Defendants re-allege and incorporate herein by reference their responses to Paragraphs 1 through 12 as fully set forth herein.

14. It is admitted that Defendant Zeno Bascum Lancaster, IV is the principal and managing attorney of Defendant Lancaster Law Firm, PLLC. Except as expressly admitted, Paragraph 14 is denied.

15. It is admitted that Defendant Zeno Bascum Lancaster, IV is the principal and managing attorney of Defendant Lancaster Law Firm, PLLC. Except as expressly admitted, Paragraph 15 is denied.

16. It is admitted that Defendant Zeno Bascum Lancaster, IV is the principal and managing attorney of  Defendant Lancaster Law Firm, PLLC. Except as expressly admitted, Paragraph 16 is denied.

17. Paragraph 17 is denied.

18. In response to Paragraph 18, Defendants re-allege and incorporate herein by reference their responses to Paragraphs 1 through 17 as fully set forth herein.

19. Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 19 and, therefore, deny the same.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Paragraph 27 requires no response. To the extent a response is required, or to the extent Paragraph 27 is intended to allege Defendants are liable for any of the claims or damages alleged in Plaintiff's Complaint, all such allegations are expressly denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. Paragraph 30 requires no response. To the extent a response is required, or to the extent Paragraph 30 is intended to allege Defendants are liable for any of the claims or damages alleged in Plaintiff's Complaint, all such allegations are expressly denied.

31. Paragraph 31 requires no response. To the extent a response is required, or to the extent Paragraph 31 is intended to allege Defendants are liable for any of the claims or damages alleged in Plaintiff's Complaint, all such allegations are expressly denied.

32. Paragraph 32 requires no response. To the extent a response is required, or to the extent Paragraph 32 is intended to allege Defendants are liable for any of the claims or damages alleged in Plaintiff's Complaint, all such allegations are expressly denied.

33. Paragraph 33 requires no response. To the extent a response is required, or to the extent Paragraph 33 is intended to allege Defendants are liable for any of the claims or damages

alleged in Plaintiff's Complaint, all such allegations are expressly denied.

34. Paragraph 34 requires no response. To the extent a response is required, or to the extent Paragraph 34 is intended to allege Defendants are liable for any of the claims or damages alleged in Plaintiff's Complaint, all such allegations are expressly denied.

35. Paragraph 35 requires no response. To the extent a response is required, or to the extent Paragraph 35 is intended to allege Defendants are liable for any of the claims or damages alleged in Plaintiff's Complaint, all such allegations are expressly denied.

## AFFIRMITIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, unclean hands, and copyright misuse.

2. To the extent either or both Defendants are liable for infringement of Plaintiff's copyright, which is denied, any such infringement was innocent. Defendants plead good faith, lack of knowledge, and innocence as an express limitation to any statutory damages sought by Plaintiff in this action.

3. Defendants plead any and all such other defenses available under the Copyright Act, 17 U.S.C. 101, *et. seq.* as may be warranted by the facts and evidence as a bar to Plaintiff's right to recover and/or as a limitation on any damages potentially recoverable by Plaintiff in this action.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendants respectfully pray the Court as follows:

1. That Plaintiff have and recover nothing from Defendants in this action and that Plaintiff's claims be dismissed with prejudice;

2. That Defendants be awarded their attorneys' fees pursuant to Section 505 of the

Copyright Act;

3. That the costs of this action be taxed against the Plaintiff;

4. That all issues of fact be tried before a jury; and

5. For all such other and further relief as the Court may deem just and proper.

This the 22nd day of November, 2016.

/s/J. Douglas Grimes
N.C. State Bar No. 32699
SMITH MOORE LEATHERWOOD LLP
Suite 1300
101 N. Tryon Street
Charlotte, NC  28246
Telephone: 704.384.2600
Facsimile: 704.384.2800

*Attorney for Zeno Bascum Lancaster, IV and Lancaster Law Firm, PLLC*

CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2016, I electronically filed the foregoing **Answer** with the Clerk of Court using the CM/ECF system which will send notification of this filing to all counsel of record.

This the 22nd day of November, 2016.

/s/J. Douglas Grimes
J. Douglas Grimes

*Attorney for Zeno Bascum Lancaster, IV and Lancaster Law Firm, PLLC*